[Civ. No. 2540. Third Appellate District.—October 7, 1922.]

## THE PEOPLE ex rel., Petitioners, v. FRED H. HEIKEN, as Treasurer, etc., Respondent.

[1] DRAINAGE DISTRICTS — CONSTRUCTION OF ACTS — ASSESSMENTS— PAYMENT IN CASH—EXTENT OF BOND ISSUE.—The act "to authorize the issuance and sale of bonds of the Sacramento and San Joaquin Drainage District based upon assessments levied by the reclamation board upon lands in said district" (Stats. 1919, p. 1092) is supplementary to the Reclamation Board Act (Stats. 1911, p. 639), as amended (Stats. 1913, p. 252; Stats. 1915, p. 1338), and the two must be construed together; and when the method prescribed by the former act for the raising of money with which to pay an assessment levied under the provisions of the latter act is adopted, only such payments may be credited to the land owners as have been paid in cash, and the difference between such amount and the amount of the levied assessment shall constitute the extent of the bond issue.

[2] ID.—PAYMENT OF ASSESSMENT—EXCLUSIVE METHOD.—The Reclamation Bond Act (Stats. 1919, p. 1092) makes no provision for the payment of the assessment by the property owner except as provided in section 15 of that act, and no person is authorized to accept payment thereof except as provided in said section, and the method therein prescribed is exclusive.

PROCEEDING in Mandamus to compel a county treasurer to deposit a certain amount of money with the state treasurer. Peremptory writ granted.

The facts are stated in the opinion of the court.

Frank Freeman for Petitioners.

Arthur Coats, District Attorney, for Respondent.

THE COURT.—The application was for a writ of mandate to require respondent, as county treasurer of Sutter County, to deposit with the state treasurer in cash a certain amount of money claimed to have been collected by respondent on account of a certain assessment, No. 6, for the benefit of the Sacramento and San Joaquin Drainage District fund.

Section 15 of "an act to authorize the issuance and sale of bonds of the Sacramento and San Joaquin Drainage Dis-

trict based upon assessments levied by the reclamation board
upon lands in said district,'' approved May 27, 1919 (Stats.
1919, p. 1092) provides as follows: ''At any time within
thirty days after said assessment list has been so filed in
the office of the county treasurer as provided in section
fourteen hereof, the whole amount of such assessment upon
any tract of land therein separately assessed may be paid
in cash to the county treasurer and thereupon the county
treasurer shall issue his receipt therefor and shall indorse
the fact and date of such payment upon the assessment list,
and thereupon the lien of such assessment upon such tract
of land shall cease. The report of such payment shall be
made by the county treasurer at once to the secretary of
the reclamation board, and the amount so received by the
county treasurer shall, within thirty days after the receipt
thereof by him, be deposited by him with the state treasurer
and shall be by said state treasurer safely kept and credited
to the construction fund of said assessment.''

In the argument this act of 1919 was designated as the
''Bonding Act'' and the act of 1911 (Stats. 1911, p. 639),
as amended in 1913 (Stats. 1913, p. 252) and 1915 (Stats.
1915, p. 1338), as the ''Reclamation Board Act,'' and in this
opinion we may so distinguish them.

It is agreed by both parties that the vital question in-
volved is whether the county treasurer was authorized by
said Bonding Act to take warrants in payment of the as-
sessment in lieu of actual cash.

[1] We agree with petitioners that the so-called ''Bond-
ing Act'' is supplementary to said ''Reclamation Board
Act,'' that the two must be construed together, and that
the special feature of the former is the provision affording
an alternative method for the raising of the money with
which to pay an assessment already levied under the provi-
sions of the latter act, and that when this method is adopted,
contemplating the issue and sale of bonds, the proceeds of
which are to be used for the payment of that portion of
the entire assessment remaining unpaid at the close of the
thirty-day period mentioned in said section 15, the clear
intent of the legislature is that only such payments may be
credited to the land owners as have been made in *cash,* and
that the difference between such amount and the amount of
the levied assessment shall constitute the extent of the bond

issue. This method of procedure is a substitute for that of "calls" in the Reclamation Board Act, the procedure therein contemplating the payment of the assessment in cash or warrants in installments at the option of the reclamation board.

Section 17 of the Bond Act provides that the amount of the assessment remaining unpaid at the expiration of the thirty-day period shall be determined by the reclamation board and an order fixing the same be made and entered in the minutes, and there is no provision in the Bond Act that said unpaid portions, or any part thereof, of the assessment, may be paid at any time, or in any manner, other than as provided by said section 15 of that act. It is apparent that said order determines the amount that constitutes the basis of the call for an election to ascertain whether the remaining portion of the assessment shall be met by the issuance of bonds or by calls to be made by said board, and, manifestly, the statute contemplates that no payment shall be made subsequent to the making of said order until the result of said election has been determined. We think it equally apparent, as already stated, that said statute contemplates that any payment made within said thirty days by the property owner or after said election must be paid in cash and the county treasurer is not authorized to accept warrants for the same.

We see no necessity for an elaborate review of the various sections of these two acts, nor for any comment upon the well-settled rules of construction to which our attention has been invited by respondent. [2] It is sufficient to say that, in our opinion, there is no provision made in said Bond Act for the payment of the assessment by the property owner except as provided in said section 15, nor is any person authorized to accept payment thereof except as provided in said section and that the method therein prescribed was clearly intended to be exclusive.

The foregoing is a brief statement of the reason which impelled us to order the peremptory writ to issue herein.